UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------

ROSALEE ANN S.

               Plaintiff,

          -v-                            6:20-CV-600

COMMISSIONER OF
SOCIAL SECURITY,

               Defendant.

--------------------------------

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OFFICE OF PETER W. ANTONOWICZ<br>Attorneys for Plaintiff<br>148 West Dominick Street<br>Rome, NY 13440 | PETER W. ANTONOWICZ, ESQ. |
| SOCIAL SECURITY ADMINISTRATION OFFICE OF REGIONAL GENERAL COUNSEL – REGION II<br>Attorneys for Defendant<br>J.F.K. Federal Building, Room 625<br>Boston, MA 02203 | PAUL NITZE, ESQ.<br>Ass't United States Attorney |

DAVID N. HURD
United States District Judge

## ORDER ON MOTION FOR ATTORNEY'S FEES

On May 29, 2020, plaintiff Rosalee Ann S.[1] ("plaintiff") filed this action seeking review of a final decision by defendant Commissioner of Social Security ("Commissioner" or "defendant") denying her application for disability insurance benefits and supplemental security income. Dkt. No. 1.

On March 12, 2021, U.S. Magistrate Judge Christian F. Hummel "so ordered" a stipulation between the parties in which they agreed to conduct further administrative proceedings pursuant to sentence four of the Social Security Act. Dkt. No. 17. A judgment in plaintiff's favor was entered later that day. Dkt. No. 18.

On April 7, 2021, plaintiff moved for an award of attorney's fees as a "prevailing party" under the Equal Access to Justice Act ("EAJA"), which shifts litigation fees to a government defendant when certain conditions are met. Dkt. Nos. 19–20. The motion has been briefed and will be considered on the basis of the submissions without oral argument.

Under the EAJA, "a court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). To receive an award, the party

---

[1] In accordance with a May 1, 2018 memorandum issued by the Judicial Conference's Committee on Court Administration and Case Management and adopted as local practice in this District, only claimant's first name and last initial will be mentioned in this opinion.

seeking fees must file an application within thirty days of the final judgment that (1) shows the plaintiff is a prevailing party whose net worth does not exceed $2,000,000; (2) includes an itemized statement of fees; and (3) alleges that the position of the government defendant was not substantially justified. § 2412(d)(1)(B); *see also Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp. 2d 666, 670 (S.D.N.Y. 2010).

Upon review of the submissions, plaintiff's fee application will be granted. First, plaintiff is a "prevailing party" because she has secured a stipulated remand pursuant to sentence four of the Act. *Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (explaining that only a sentence four remand amounts to the kind of "final judgment" that permits the shifting of fees under the EAJA). Plaintiff has also sworn to an affidavit in which she attests to having a net worth of "substantially less than one million dollars." Pl. Aff., Dkt. No. 20 ¶ 4.

Second, plaintiff's counsel has submitted, *inter alia*, an itemized statement of fees in support of the fee request. Antonowicz Decl., Dkt. No. 19-3; *see also* Dkt. Nos. 19-4–19-6. Third and finally, plaintiff has sufficiently alleged that the Commissioner's litigating position was not "substantially justified." Dkt. No. 19-3 ¶ 4. In particular, plaintiff points out that defendant stipulated to an administrative remand shortly after plaintiff filed her opening brief with this Court. *See id*.

"Once a party has demonstrated that it is a prevailing party under the EAJA, the burden shifts to the government to demonstrate that its litigation position was substantially justified." *Salvo*, 751 F. Supp. 2d at 670 (citation omitted). "To prove that its position was 'substantially justified,' the government bears the burden of showing that its position had 'a reasonable basis in both law and fact.'" *Sotelo-Aquije v. Slattery*, 62 F.3d 54, 57 (2d Cir. 1995). The Commissioner's response to plaintiff's fee request does not attempt to carry this burden. *See* Dkt. No. 21. Instead, defendant indicates that it "will not oppose an order" granting plaintiff's motion for attorney's fees.

Finally, even in the absence of "substantial justification," a court may nevertheless reduce or deny fees under the EAJA if "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). For instance, an award of fees might be considered "unjust" if an attorney did not meaningfully contribute to a favorable outcome or failed to adequately develop the record. *Salvo*, 751 F. Supp. 2d at 671; *see also Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 304 (2d Cir. 2011) (describing this analysis as an equitable "safety valve" that should be considered "only on a case-by-case basis"). The burden of establishing "special circumstances" falls on the government, who has not attempted to make such a showing in opposition in this case. *Salvo*, 751 F. Supp. 2d at 671. Accordingly, plaintiff's motion will be granted.

Therefore, it is

ORDERED that

1. Plaintiff's motion for attorney's fees is GRANTED; and

2. Plaintiff is awarded a fee in the amount of $5,275.36.

IT IS SO ORDERED.

Dated: June 28, 2021
       Utica, New York.

David N. Hurd
U.S. District Judge